MEMORANDUM **
Henry Estuardo Fuentes Coronado, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing an immigration judge’s (“IJ”) decision denying his application for relief under the Nicaraguan Adjustment and Central American Relief Act of 1997 (“NACARA”). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo due process claims and questions of law. Vasquez-Zavala v. Ashcroft, 324 F.3d 1105, 1107 (9th Cir.2003). We dismiss in part and deny in part the petition for review.
We lack jurisdiction to review the BIA’s determination that Fuentes Coronado did not establish eligibility for NA-CARA relief. See Illegal Immigration Reform and Immigrant Responsibility Act of 1996, § 309(c)(5)(C)(ii).
Contrary to Fuentes Coronado’s contention, the Illegal Immigration Reform and Immigrant Responsibility Act § 309(c)(5) stop-time provision applies to his case, and the BIA therefore did not err in finding him ineligible for traditional suspension of deportation where he lacked the requisite continuous physical presence. See Ram v. INS, 243 F.3d 510, 518 (9th Cir.2001) (“Congress did not intend for aliens to circumvent the stop-time rule by accruing the requisite years of continuous physical presence in the United States after deportation proceedings commence.”).
Fuentes Coronado’s due process claim fails because the record reflects that he was given a “full and fair hearing” and a “reasonable opportunity to present evidence on his behalf.” See Colmenar v. INS, 210 F.3d 967, 971 (9th Cir.2000).
We lack jurisdiction over Fuentes Coronado’s claim that his case should be repapered because he failed to raise the issue before the BIA. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004) (exhaustion is mandatory and jurisdictional).
PETITION FOR REVIEW DISMISSED in part; DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.